751 Union St., LLC v Charles (2022 NY Slip Op 50137(U))

[*1]

751 Union St., LLC v Charles

2022 NY Slip Op 50137(U) [74 Misc 3d 130(A)]

Decided on February 4, 2022

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on February 4, 2022
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., MICHELLE WESTON, WAVNY
TOUSSAINT, JJ

2021-48 K C

751 Union St., LLC, Respondent,
against
Linda Charles, Appellant, et al., Undertenants.

Brooklyn Legal Services Corporation A (Kristi Ortiz-Lam and Jessica Rose of counsel), for
appellant.
Stern & Stern, Esqs. (David Lyle Stern and Pamela Smith of counsel), for respondent.

Appeal from a decision of the Civil Court of the City of New York, Kings County (Gary
Franklin Marton, J.), dated January 26, 2018, deemed from a final judgment of that court entered
January 26, 2018 (see CPLR 5512 [a]). The final judgment, upon the decision, after a nonjury
trial, awarded landlord possession without permitting tenant a postjudgment cure period in a
holdover summary proceeding. The judgment brings up for review an order of the same court
(Leslie A. Stroth, J.) dated October 24, 2016 denying tenant's motion to dismiss the petition.

ORDERED that the final judgment is affirmed, without costs. 
Landlord commenced this holdover proceeding to recover a rent-stabilized apartment after
terminating the lease pursuant to Rent Stabilization Code (RSC) (9 NYCRR) § 2524.3 (e)
on the ground that tenant "unreasonably refused access to [the] apartment for the purpose of
making necessary repairs to [the] apartment required by law." In an order dated October 24,
2016, the Civil Court denied tenant's motion to dismiss the petition. Following a nonjury trial,
the Civil Court awarded landlord possession and declined to award tenant a postjudgment cure
period. A final judgment was entered on January 26, 2018. 
We agree with tenant's contention on appeal that this court may review the Civil Court's
October 24, 2016 order (see CPLR 5501, 5512 [a]). However, contrary to tenant's
arguments on appeal, neither the terms of the lease nor the relevant statutes required landlord to
serve a notice [*2]to cure (see RSC §§ 2524.2,
2524.3 [e]), and therefore there is no basis to disturb the order. 
Tenant's appellate contentions that the Civil Court improperly denied requests to admit trial
transcripts from prior cases and prior case files into evidence are without merit (see
CPLR 4541 [a]), as the transcripts offered by tenant were not settled and the only prior case file
actually introduced by tenant was admitted. In reviewing the merits, we find that the Civil Court
properly found that landlord demonstrated that tenant regularly and unreasonably failed to
provide access, and that tenant did not rebut that prima facie showing. Finally, under the
circumstances, we find that the Civil Court did not improvidently exercise its discretion in
denying tenant a postjudgment cure period (see Frank v Park Summit Realty Corp., 175
AD2d 33, 35 [1991], mod on other grounds 79 NY2d 789 [1991]; Whitehall Realty Co. v Friedman, 5
Misc 3d 126[A], 2004 NY Slip Op 51184[U] [App Term, 1st Dept 2004]). 
Accordingly, the final judgment is affirmed. 
ALIOTTA, P.J., WESTON and TOUSSAINT, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: February 4, 2022