2590 35th St., LLC v Veleva (2022 NY Slip Op 50134(U))

[*1]

2590 35th St., LLC v Veleva

2022 NY Slip Op 50134(U) [74 Misc 3d 130(A)]

Decided on February 4, 2022

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on February 4, 2022
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., MICHELLE WESTON, WAVNY
TOUSSAINT, JJ

2019-848 Q C

2590 35th Street, LLC, Respondent,
against
Valentina Veleva, Appellant. 

Valentina Veleva, appellant pro se.
Vincent Acquista, for respondent (no brief filed).

Appeal from a final judgment of the Civil Court of the City of New York, Queens County
(John S. Lansden, J.), entered April 24, 2019. The final judgment, after a nonjury trial, awarded
landlord possession and the sum of $12,080.34 in a nonpayment summary proceeding.

ORDERED that the final judgment is affirmed, without costs.
In this nonpayment proceeding, tenant filed an answer in which she denied the allegations
and asserted, among other things, a breach of the warranty of habitability, and interposed a
counterclaim to recover $250,000. After a nonjury trial, where the evidence established that
$17,330.34 in rent was unpaid and that several complaints had been made over the years about
needed repairs and rodent infestation in the premises, the Civil Court found that tenant was
entitled to an abatement in the sum $5,250. Tenant appeals from a final judgment entered April
24, 2019, which awarded landlord possession and the sum of $12,080.34. 
A landlord is required to maintain a residential property in a habitable condition and in
accord with the uses reasonably intended by the parties (see Real Property Law §
235-b; Park W. Mgt. Corp. v Mitchell, 47 NY2d 316 [1979]). To prevail on a defense or
counterclaim based on a breach of the warranty of habitability, a tenant must offer proof as to the
dates, severity and duration of the conditions complained of (see Sinclair v Ramnarace, 36 Misc 3d 150[A], 2012 NY Slip Op
51671[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2012]; Anoula Realty Corp. v Weiss, 16 Misc
3d 133[A], 2007 NY Slip Op 51496[U] [App Term, 2d Dept, 2d & 11th [*2]Jud Dists 2007]), and show that notice of the conditions was given
to the landlord (see Anoula Realty Corp. v Weiss, 2007 NY Slip Op 51496[U]; New
Franconia Assoc. v Popper, 2003 NY Slip Op 51116[U] [App Term, 1st Dept 2003]).
Additionally, the tenant must show that the landlord was provided with access and an opportunity
to repair the conditions, yet failed to do so (see 150-15 79th Ave. Owners Corp. v James, 31 Misc 3d 132[A],
2011 NY Slip Op 50606[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2011]). In
ascertaining damages for a breach of the warranty of habitability, the finder of fact must weigh
the severity of the violation and duration of conditions giving rise to the breach as well as the
effectiveness of steps taken by the landlord to abate those conditions (see Park W. Mgt. Corp.
v Mitchell, 47 NY2d 316; see also Real Property Law § 235-b). 
Upon a review of the record, we find that the Civil Court's determination is supported by the
evidence. Landlord submitted sufficient evidence to establish the rent owed ($17,330.34), and
tenant does not dispute that she has not paid. Moreover, the Civil Court credited tenant's
testimony and weighed the severity and length of the violations as well as the effectiveness of
landlord's repairs in resolving the violations. As the court's conclusions could be reached under a
fair interpretation of the evidence, its determination should not be disturbed.
Accordingly, the final judgment is affirmed.
ALIOTTA, P.J., WESTON and TOUSSAINT, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: February 4, 2022